IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| DAYTON BEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| MICHAEL HARGROVE, in his | ) | |
| Individual capacity as Deputy Sheriff of | ) | |
| Wayne County; and JOHN DOES 1-50, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, DAYTON BEASLEY (hereinafter "Plaintiff" or "Mr. Beasley"), Plaintiff in the above-styled action, by and through undersigned counsel, and brings this Complaint for Damages against the above-named Defendants, and respectfully shows this Court the following:

**JURISDICTION AND VENUE**

1.

This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States, as applied to the State of Georgia and its entities, officials, and employees, as well as the statutes and common law of the State of Georgia.

1

2.

Venue is proper in the Southern District of Georgia, Brunswick Division, as all acts complained of occurred in Wayne County, Georgia. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1391.

**IDENTIFICATION OF PARTIES**

3.

Plaintiff Dayton Beasley is an adult resident of Wayne County, Georgia, residing therein in Jesup, Georgia. Plaintiff is, and at all relevant times was, a citizen of the United States and a resident of Wayne County, State of Georgia, and is entitled to bring this action under federal and Georgia law for all permissible damages.

4.

Defendant Michael Hargrove ("Defendant Hargrove") is an adult resident and citizen of Wayne County, Georgia. At all times material hereto, Defendant Hargrove was a Deputy Sheriff of Wayne County, the assistant chief law enforcement officer for Wayne County, Georgia, and a policymaker and decision maker for the Wayne County Sheriff's Department ("WCSD"). Defendant Hargrove is responsible for the day-to-day operation of the WCSD's Wayne County Jail. Defendant Hargrove is under a duty to run the policing activities of the WCSD and its divisions so as to preserve the peace of the Wayne County, Georgia, and to preserve to its citizens, as well as the rights, privileges and immunities guaranteed and secured to them by the

constitutions and the laws of the United States and the State of Georgia, and for ensuring that other WCSD deputy sheriffs and employees complied with the color and pretense of federal and state laws, as well as the ordinances, regulations, customs, and usages of the State of Georgia, Wayne County, and the policies of the Wayne County Sheriff's Department. Defendant Hargrove is sued individually in his capacity as Deputy Sheriff of Wayne County.

5.

Defendant Hargrove, and his agents and employees, have acted willfully, wantonly, and recklessly towards Plaintiff, proximately causing Plaintiff's injuries. Therefore, no immunity applies in this matter.

6.

Defendants John Does 1-50 are unidentified individuals, expected to be identified through discovery that played a significant role in causing Plaintiff's injuries, either through acts of commission or omission.

7.

Defendant Hargrove individually, in his capacity as Deputy Sheriff, can be held liable for the violation of Plaintiff's federal constitutional rights, pursuant to 42 U.S.C. § 1983.

## **FACTUAL ALLEGATIONS**

8.

On or about August 12, 2021, Defendant Hargrove and the WCSD hired Plaintiff Mr. Beasley to work as a detention officer for the Wayne County Sheriff's Department, stationed at the Wayne County Jail.

9.

Upon hiring, Defendant Hargrove and the Wayne County Sheriff's Department did not provide Plaintiff with any training in his duties, or the rules, regulations and restrictions that would apply to Plaintiff as a detention officer.

10.

On several occasions, Plaintiff was left alone with the inmates of the Wayne County Jail in violation of regulations that require at least two (2) detention officers to be present with the prisoners at all times.

11.

An inmate took advantage of Defendant Hargrove's willful refusal to comply with the safety regulations for detention officers, and the willful disregard of Plaintiff's safety in particular, by threatening Plaintiff and Plaintiff's family with violence if Plaintiff did not provide the inmate with cigarettes.

12.

Plaintiff feared for his life, had no training in the rules or restrictions of the jail, and had only been working as a detention officer for a week or less.

13.

On August 21, 2021, Defendant Hargrove and others, caused a "sting operation" with, upon information and belief, dozens of police officers from multiple jurisdictions to arrest Mr. Beasley.

14.

Upon information and belief, during the arrest, no drugs, were found on Mr. Beasley's person.

15.

Despite this lack of evidence, Defendant Hargrove and others caused Mr. Beasley to be charged with multiple felonies, including narcotics distribution within the jail.

## THE VIDEO

16.

Defendant Hargrove did not end the night with the arrest of Mr. Beasley.

17.

Defendant Hargrove caused Mr. Beasley to be presented in public, in handcuffs, to the entire Wayne County Jail and Sheriff's Department.

5

18.

Defendant Hargrove directed and caused multiple employees of the Wayne County Sheriff's Department to record the arrest with cell phone cameras and, upon information and belief, other recording equipment.

19.

Defendant Hargrove directed and caused the arrest to be "live-streamed," meaning broadcast live on the internet, on the official Facebook page of the Wayne County Sheriff's Department and, upon information and belief, other websites.

20.

Knowing that the event was being recorded and live-streamed, Defendant Hargrove cut off Mr. Beasley's shirt with sheers, causing him to be half naked in public and live on the internet while handcuffed.

21.

Defendant Hargrove had no reason or basis to cut off Mr. Beasley's shirt in public with sheers on live video other than to humiliate and embarrass Mr. Beasley. Mr. Beasley had already been frisked and handcuffed, and found by that point to have no weapons or dangerous objects.

22.

Defendant Hargrove, holding a half-naked and handcuffed Mr. Beasley by the arm, proceeded to make a speech on the live video stream.

23.

In pertinent part, Defendant Hargrove said, "You come to our jail and did this, this is what it's going to lead to [holding up Mr. Beasley's torn shirt]. You're a disgrace to this uniform, and you need to go to jail for this."[1]

24.

The video went "viral," meaning that it had been seen by tens of thousands, if not millions of people, with in a short period of time.

25.

The story of the live-streamed humiliation of Mr. Beasley reached local, regional, national, and international news outlets, including (but not limited to) WSB-TV in Atlanta[2], KIRO Channel 7 in Seattle[3], Fox23 News in Tulsa, Oklahoma[4], all media outlet served by Cox Media Group, Newsweek[5], and The Independent in the United Kingdom[6]. Numerous other websites (including

---

[1] See e.g. https://www.youtube.com/watch?v=jHCHvBiiJA4 (last visited August 20, 2023).

[2] https://www.wsbtv.com/news/local/video-show-georgia-officials-cutting-uniform-off-jailer-charged-with-contraband/B427XDCV3NBDXC3JGJH7JKHDNM/ (last visited August 20, 2023).

[3] https://www.kiro7.com/news/trending/youre-disgrace-georgia-detention-officers-uniform-cut-off-after-arrest/EE6BA7VMKNEXBABPLZOQVPCO6U/ (last visited August 20, 2023).

[4] https://www.fox23.com/news/trending/you-re-a-disgrace-georgia-detention-officer-s-uniform-cut-off-after-arrest/article_196c0760-99e6-509b-b1a3-dc64c34f0a1d.html (last visited August 20, 2023).

[5] https://www.newsweek.com/wayne-county-detention-officer-video-supplying-contraband-inmates-georgia-1622837 (last visited August 20, 2023).

[6] https://www.independent.co.uk/tv/us-news/georgia-police-cut-shirt-off-corrections-officer-accused-of-supplying-contraband-to-inmates-b2192363.html (last visited August 20, 2023).

7

reddit.com), websites associated with law enforcement and websites associated police matters also carry the story. Most, or all, of these website reports and commentary contain the video of Mr. Beasley's humiliation.

26.

At the time the incident was live-streamed and re-posted across countless social media pages and news outlets, Defendant Hargrove and others knew that they were violating, and had violated, the civil rights of Mr. Beasley.

27.

On August 22, 2021, after the damage had been done and admitting the broadcast to be wrong, Sheriff Moseley caused the video to be removed from the official Facebook page of the Wayne County Sheriff's Department, and issued a written "apology" for his conduct.

**DAMAGES TO REPUTATION**

28.

Taking down the video from the one Facebook page did nothing to mitigate Mr. Beasley's damages. As shown herein, the video spread to numerous news websites, television stations, social media pages, and other websites throughout the world, and remain easily accessible to this day.

8

29.

As a result of this willful humiliation, Mr. Beasley has suffered irreparable damage to his reputation and good name.

30.

As a result of this willful humiliation, Mr. Beasley has suffered tangible and financial loss. Mr. Beasley, while being a college graduate and having no other criminal record, cannot obtain employment consistent with his degree. Mr. Beasley has lost employment as a result of being "found out" by employers and customers. Mr. Beasley has been denied employment because of this willful humiliation by Defendant Hargrove.

31.

Mr. Beasley has not been given an opportunity to clear his name. The criminal charges against Mr. Beasley have been pending in the Wayne County Superior Court since his arrest nearly two (2) years ago. The case has made no meaningful progress. See State of Georgia v. Dayton Beasley, Wayne County Superior Court, Case No.: SUPR2021000208.

32.

Wayne County and the surrounding areas are a "small town" atmosphere where most people know each other. Mr. Beasley has suffered damage to his reputation among his neighbors, friends, and family members in the local region.

33.

Mr. Beasley cannot travel outside the region to obtain employment. First, that would likely be a violation of his bail conditions in his unending criminal case. Second, because the video of his humiliation is world-wide. A potential employer in any state he travels to, indeed any country, would find the humiliating video immediately with an internet search.

## COUNT ONE

## 42 U.S.C. § 1983 CLAIMS (Excessive Force)

34.

Plaintiff incorporates by reference herein all allegations contained in the foregoing paragraphs of this Complaint.

35.

At the time of his injury, Plaintiff had legal rights established by the Constitution of the United States, the Constitution of the State of Georgia, and laws set forth by state and federal statutes.

36.

Plaintiff had a clearly established right under the Fourth and Fourteen Amendments to the United States Constitution to an arrest free of excessive force, which include having his shirt cut off when Plaintiff was complying with officer commands and posing no danger to any officer, himself, or anyone around him.

37.

Defendant Hargrove's cutting-off of Mr. Beasley's shirt was a violation of Plaintiff's civil rights under the United States Constitution and the United States Code, including the use of excessive force in violation of due process. Under the Fourth Amendment to the United States Constitution, Plaintiff was seized when his shirt was cut off, which through the application of the Fifth and Fourteenth Amendments of the United States Constitution, is also a violation of the Constitution of the State of Georgia.

38.

At the time of his arrest, Plaintiff Beasley had a clearly established Constitutional right to an arrest free of excessive force. "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002).

39.

The actions of Defendant Hargrove and others were not only without legal justification, but were done with actual malice toward Plaintiff, and with willful and wanton indifference, and deliberate disregard for Plaintiff's constitutional rights.

40.

Defendant Hargrove is not entitled to qualified immunity, because his actions were malicious, reckless, and callously indifferent to clearly established and well-settled federal and state constitutional and statutory law, which a reasonable person in his position would have known.

41.

As a direct and proximate result of the actions of Defendant Hargrove, he is liable to Plaintiff for all damages allowed under Georgia and federal law.

## COUNT TWO

## 42 U.S.C. § 1983 CLAIMS (Damage to Reputation and Tangible Loss)

42.

Plaintiff incorporates by reference herein all allegations contained in the foregoing paragraphs of this Complaint.

43.

Plaintiff had a clearly established right under the Fourth and Fourteen Amendments to the United States Constitution to an arrest free of willful, public humiliation resulting in permanent damage to his reputation and tangible loss, which include having his shirt cut off on live video followed by a speech by Defendant Hargrove made with the intent to humiliate Plaintiff live-streamed on the internet, when Plaintiff was complying with officer commands and posing no danger to any

officer, himself, or anyone around him. The live-streamed video and speech were not necessary to complete Plaintiff's arrest and had no relationship to the duties of the sheriff or any law enforcement officer function.

44.

Defendant Hargrove's live video-streaming the incident was a violation of Plaintiff's civil rights under the United States Constitution and the United States Code, including the damage to reputation and tangible loss. Under the Fourth Amendment to the United States Constitution, Plaintiff was seized when the incident was live-streamed, which through the application of the Fifth and Fourteenth Amendments of the United States Constitution, is also a violation of the Constitution of the State of Georgia.

45.

At the time of his arrest, Plaintiff Beasley had a clearly established Constitutional right to an arrest free of willful damage to reputation resulting in tangible loss. "However, when coupled with the loss of a more tangible interest, such as employment, damage to reputation can support a constitutional claim." Smith v. Turner, 764 F. Supp. 632, 640 (1991), citing Paul v. Davis, 424 U.S. 693, 700-702 (1976). See also Wisconsin v. Constantineau, 400 U.S. 433 (1971) (holding that a Wisconsin statute that required public posting of the names of persons accused of violating state liquor laws, before they had been put on trial, was an unconstitutional

13

violation of a citizen's right to their "good name, reputation, honor, or integrity…" "Yet certainly where the State attaches a "badge of infamy" to the citizen, due process comes into play." (internal citation omitted)).

46.

The actions of Defendant Hargrove were not only without legal justification, but were done with actual malice toward Plaintiff, and with willful and wanton indifference, and deliberate disregard for Plaintiff's constitutional rights.

47.

Defendant Hargrove is not entitled to qualified immunity, because his actions were malicious, reckless, and callously indifferent to clearly established and well-settled federal and state constitutional and statutory law, which a reasonable person in his position would have known.

48.

As a direct and proximate result of the actions of Defendant Hargrove, he is liable to Plaintiff for all damages allowed under Georgia and federal law.

**COUNT THREE**

**ATTORNEY'S FEES**

49.

Plaintiff incorporates by reference herein all allegations contained in the foregoing paragraphs of this Complaint.

50.

Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation.

**WHEREFORE**, Plaintiff DAYTON BEASLEY, prays as follows:

a) That process issue and that Defendant be served according to the law;

b) That Plaintiff has a trial by jury of twelve persons;

c) That Plaintiff has and recovers a verdict and judgment against Defendant, in their individual capacity, for all compensatory, general, and exemplary damages, and for reasonable attorney's fees pursuant to the referenced statutes, and for all such amounts as may be proven before at trial[7]; and

d) That Plaintiff have such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Scott B. Kuperberg*
Scott B. Kuperberg
Georgia Bar No.: 430441
*Attorney for Plaintiff*

KUPERBERG LAW GROUP, LLC
5950 Live Oak Parkway, Suite 370
Norcross, Georgia 30093
Tel.: (404) 410-7700
Fax: (404) 745-0545
scottk@kuperberglaw.com

---

[7] To the extent necessary, Plaintiff alleges that Plaintiff has complied with all Georgia state law ante litem notice requirements pursuant to O.C.G.A. § 50-21-26.